## 2015-1211

### IN THE UNITED STATES COURT OF APPEALS
### FOR THE FEDERAL CIRCUIT

---

LINEX TECHNOLOGIES, INC., A DELAWARE COMPANY,

Plaintiff-Appellant,

v.

HEWLETT-PACKARD COMPANY, APPLE COMPUTER, INC., A CALIFORNIA CORPORATION, ARUBA NETWORKS, INC., A DELAWARE CORPORATION, MERU NETWORKS, A DELAWARE CORPORATION, RUCKUS WIRELESS, INC., A DELAWARE CORPORATION, GAURAV GARG, MOHAN GYANI, GEORGES ANTOUN, RICHARD LYNCH, STEWART GRIERSON, JAMES H. GOETZ, MOTOROLA MOBILITY LLC,

Defendants-Appellees,

QUALCOMM ATHEROS, INC., MARVELL SEMICONDUCTOR, INC.,

Defendants.

Appeal from the United States District Court for the
Northern District of California in Case No. 4:13-cv-00159-CW,
Judge Claudia Wilken

---

**PLAINTIFF-APPELLANT LINEX TECHNOLOGIES, INC.'S MOTION TO STAY BRIEFING SCHEDULE PENDING ENTRY OF JUDGMENT IN AND RESOLUTION OF RELATED APPEAL**

---

Pursuant to Federal Rule of Appellate Procedure 27(a), Plaintiff-Appellant Linex Technologies, Inc. ("Linex") respectfully requests that this Court stay the briefing schedule in this matter pending entry of this Court's decision of the related principal appeal in *Linex v. Hewlett-Packard et al.*, No. 14-1561. A stay is warranted because this appeal will be governed by the outcome of the appeal in No. 14-1561, which will be fully briefed by February 9. Because the only issue in the instant appeal is the award of costs entered in the underlying case, reversal or vacatur on any issue in the principal appeal will necessarily render the instant appeal moot.

Counsel for Linex has conferred with counsel for appellees regarding the substance of this motion. Appellees oppose this motion and intend to file an opposition.

**I.     Background**

The district court in the Northern District of California construed the claims of the patents-in-suit and entered summary judgment in Defendants-Appellees' favor. D.I. 333 and 334. Linex appealed the judgment on several grounds, including but not limited to the court's erroneous claim constructions and because the court improperly decided disputed factual issues that should have been

submitted to the jury. Defendants-Appellees filed a cross-appeal, and both appeals on the merits will be fully briefed by February 9.

In the meantime, the district court entered an award of costs based on Defendants-Appellees having prevailed on summary judgment. On December 24, 2014, the Court docketed Linex's appeal from the award of costs. D.I. 470. Linex's opening brief is currently due February 24, 2015.

## II. ARGUMENT

### A. The Court Should Stay Briefing Until the Decision in No. 14-1561, Which Could Potentially Moot This Appeal

The Court has previously stayed briefing in an appeal where the outcome will be affected by the resolution of a related appeal between the same parties. *See, e.g., Neutral Tandem, Inc. v. Peerless Network, LLC*, 443 F. App'x 559 (Fed. Cir. 2011) (unpublished); *Powell v. Home Depot U.S.A., Inc.*, 413 F. App'x 306 (Fed. Cir. 2011) (unpublished); *Case, Inc. v. United States*, 47 F.3d 1179 (Fed. Cir. 1994) (unpublished).

Defendant-Appellee Apple's motion to stay briefing in another case under similar circumstances was recently granted. *VirnetX Inc. v. Apple, Inc*., No. 14-1395 (D.I. 31.) (Fed. Cir. Jun. 9, 2014).

This outcome is particularly appropriate here because the costs award that is the subject of the appeal will be moot if this Court's decision in the related appeal vacates or reverses the underlying judgment on any issue. Under 28 U.S.C.

§ 1920 and Fed. R. Civ. P. 54, costs in the district court case are awarded only to the prevailing party. A reversal or vacatur of any issue in the principal appeal would mean that Defendants-Appellees are not the prevailing party below and thus, not entitled to costs. The Court should accordingly stay the briefing schedule until the principal appeal between the parties is resolved.

A stay of briefing in this award-of-costs appeal would conserve judicial and party resources while the underlying the merits of the case is determined by this Court in No. 14-1561. Defendants-Appellees cannot reasonably claim any undue prejudice from such a stay, and will likewise benefit from a stay by avoiding the need to brief this appeal prematurely.

### III. Conclusion

For the reasons stated above, the Court should stay the briefing schedule in this case until after this Court resolves *Linex v. Hewlett-Packard et al.*, No. 14-1561.

Date: January 14, 2015                      Respectfully submitted,

                                              /s/ Kara F. Stoll
                                            Kara F. Stoll
                                            J. Michael Jakes
                                            Rajeev Gupta
                                            Kenie Ho
                                            FINNEGAN, HENDERSON, FARABOW,
                                              GARRETT & DUNNER, LLP
                                            901 New York Avenue, NW
                                            Washington, D.C.
                                            (202) 408-4000

                                            Attorneys for Appellant Linex Technologies, Inc.

## Certificate of Interest

Counsel for Plaintiff-Appellant Linex Technologies, Inc. certifies the following:

1. The full name of every party or amicus represented by me is:

    Linex Technologies, Inc.

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

    Linex Technologies, Inc.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

    None.

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

    **Finnegan, Henderson, Farabow, Garrett & Dunner, LLP**: Smith R. Brittingham, IV, Barry W. Graham, Cecilia Sanabria, Jia W. Lu, Kenie Ho, Laura P. Masurovsky, Rajeev Gupta, Rama G. Ellura, Richard H. Smith, Robert F. McCauley, Robert D. Wells, Scott Herbst, Troy Edwin Grabow, Vincent P. Kovalick, Kara F. Stoll, J. Michael Jakes.

    **Proctor Heyman LLP**: Melissa N. Brochwicz Donimirski, Neal C. Belgam,

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing were served upon registered counsel by operation of the Court's CM/ECF system on this 14TH day of January, 2015.

/s/Donna Stockton
Donna Stockton